**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanyia Mae Dunagan, | No. CV-20-08116-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Tanyia Mae Dunagan's appeal from the denial of social security disability benefits. The appeal is fully briefed (Doc. 14, Doc. 15, Doc. 17), and the Court now rules.

**I.    BACKGROUND**

    **a.    Factual Overview**

On February 19, 2014, Plaintiff filed applications for a period of disability and disability insurance benefits and for supplemental security income. (AR 234). Plaintiff alleged disability since January 15, 2014 due to heart problems, kidney disease, and issues with her right hand and wrist. (AR 21, 235) Because the issue on appeal relates only Plaintiff's hand and wrist injury, the Court limits its discussion of the facts accordingly.

Plaintiff was born in October 1965 and has high school and two years of college education. (AR 268, 272). She has past relevant work experience as a certified medical assistant and a certified ophthalmic assistant. (AR 273). In January 2014, Plaintiff broke her wrist in a bowling accident. (AR 43–44). Specifically, she suffered a right distal radius

fracture (AR 481), and Plaintiff had wrist surgery in March 2014. (AR 430, 447). Plaintiff testified that as a result of the injury, she had limited use of her dominant right hand. (AR 47, 49–56)

Plaintiff's claims were denied initially on April 27, 2015, and upon reconsideration on December 9, 2016. (AR 18). An ALJ conducted a hearing on October 31, 2018 and denied Plaintiff's claim on February 6, 2019. (AR 15–28). The SSA Appeals Counsel denied a request for review of that decision and adopted the ALJ's decision as the agency's final decision. (AR 1).

### b. The SSA's Five-Step Evaluation Process

To qualify for social security benefits, a claimant must show she "is under a disability." 42 U.S.C. § 423(a)(1)(E). A claimant is disabled if she suffers from a medically determinable physical or mental impairment that prevents her from engaging "in any substantial gainful activity." *Id.* § 423(d)(1)–(2). The SSA has created a five-step process for an ALJ to determine whether the claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(1). Each step is potentially dispositive. *See id.* § 404.1520(a)(4).

At the first step, the ALJ determines whether the claimant is "doing substantial gainful activity." *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* Substantial gainful activity is work activity that is both "substantial," involving "significant physical or mental activities," and "gainful," done "for pay or profit." *Id.* § 404.1572(a)–(b).

At the second step, the ALJ considers the medical severity of the claimant's impairments. *Id.* § 404.1520(a)(4)(ii). If the claimant does not have "a severe medically determinable physical or mental impairment," the claimant is not disabled. *Id.* A "severe impairment" is one which "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). Basic work activities are "the abilities and aptitudes necessary to do most jobs." *Id.* § 404.1522(b).

At the third step, the ALJ determines whether the claimant's impairment or combination of impairments "meets or equals" an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled.

*Id.* If not, before proceeding to step four, the ALJ must assess the claimant's "residual functional capacity" (RFC). *Id.* § 404.1520(a)(4). The RFC represents the most a claimant "can still do despite [her] limitations." *Id.* § 404.1545(a)(1). In assessing the claimant's RFC, the ALJ will consider the claimant's "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." *Id.*

At the fourth step, the ALJ uses the RFC to determine whether the claimant can still perform her "past relevant work." *Id.* § 404.1520(a)(4)(iv). The ALJ compares the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* § 404.1520(f). If the claimant can still perform her past relevant work, the ALJ will find that the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv).

At the fifth and final step, the ALJ determines whether—considering the claimant's RFC, age, education, and work experience—she "can make an adjustment to other work." *Id.* § 404.1520(a)(4)(v). If the ALJ finds that the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the ALJ finds that the claimant cannot make an adjustment to other work, then the claimant is disabled. *Id.*

      **c.**     **The ALJ's Application of the Factors**

Here, at the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of her disability. (AR 20). At step two, the ALJ concluded that Plaintiff's obesity, status post right wrist fusion, chronic kidney disease, and paroxysmal atrial fibrillation and cardiomyopathy constituted severe impairments. (AR 21). At the third step, the ALJ determined that Plaintiff's impairments did not meet the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 19). After evaluating Plaintiff's RFC, the ALJ concluded that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except, as relevant here, Plaintiff could "occasionally handle and finger with her dominant right upper extremity." (AR 22). At the fourth step, the ALJ concluded that Plaintiff could not perform past relevant work. (AR 26).

Fifth and finally, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy that Plaintiff could perform. (AR 27). The ALJ reached this conclusion based on the testimony of vocational expert Marcos R. Molinar, who testified that Plaintiff could perform the requirements of a Ticket Seller, Furniture-Rental Consultant, and Cashier II, which are described in the Dictionary of Occupational Titles (DOT). He further testified that he reached his conclusion based on his professional experience and by referring to a publication titled *Employer Validation of Jobs Performed with One Arm*. Because a significant number of jobs existed in the national economy that Plaintiff could perform, the ALJ concluded that Plaintiff was not disabled. (AR 28).

## II.     LEGAL STANDARD

This Court may not overturn the ALJ's denial of disability benefits absent legal error or a lack of substantial evidence. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "Substantial evidence means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). On review, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). The ALJ, not this Court, draws inferences, resolves conflicts in medical testimony, and determines credibility. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). Thus, the Court must affirm even when "the evidence admits of more than one rational interpretation." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court "review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010.

## III. DISCUSSION

On appeal, Plaintiff challenges only the ALJ's conclusion at step five of its analysis that a significant number of jobs existed in the national economy that Plaintiff could perform. Specifically, Plaintiff argues that substantial evidence does not support the ALJ's decision because the ALJ failed to reconcile the inconsistencies between the testimony of the vocational expert and the descriptions of jobs in the DOT. (Doc. 14 at 12).

Typically, "a [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony," and "no additional foundation is required." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). However, "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). "For a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). "[T]asks that aren't essential, integral, or expected parts of a job are less likely to qualify as apparent conflicts that the ALJ must ask about." *Id.*

First, Plaintiff notes that the Ticket Seller and Cashier II occupations require one to constantly or frequently handle and finger, respectively. *See* DOT 211.467-030, 1991 WL 671853; DOT 211.462-010, 1991 WL 671840. Because the ALJ concluded that Plaintiff could only "occasionally handle and finger with her dominant right upper extremity" (AR 22), Plaintiff argues that she would be precluded from performing such jobs. (Doc. 14 at 16). But the DOT does not require constant or frequent handing and fingering with both hands. *See Landrum v. Colvin*, No. EDCV 12-02213-JEM, 2013 WL 3819675, at *6 (C.D. Cal. July 23, 2013) (collecting cases and noting that "[c]ase authority establishes that the DOT does not require use of both arms"). Because there is no indication that Plaintiff had limited use of her left hand as well as her right, the record supports a finding that Plaintiff could perform the handling and fingering requirements of a Ticket Seller or Cashier II with

her left hand. Accordingly, there is not an "obvious or apparent" conflict between the DOT and the vocational expert testimony that the ALJ was required to reconcile. *See Gutierrez*, 844 F.3d at 808.

Next, Plaintiff notes that all three occupations the vocational expert identified require writing. *See* DOT 211.467-030, 1991 WL 671853; DOT 295.357-018, 1991 WL 672589; DOT 211.462-010, 1991 WL 671840. Based on her testimony that her writing was illegible and attempting to write caused her pain following her injury and surgery, Plaintiff argues that substantial evidence does not support the ALJ's conclusion that she could perform these occupations. (Doc. 14 at 16). In assessing her RFC, however, the ALJ concluded that Plaintiff "is likely to have some pain and limitations, but not to the extent alleged" and did not include an explicit limitation on writing. (AR 23). Plaintiff does not challenge the ALJ's RFC findings on appeal. Accordingly, "[t]he hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the [vocational expert] gave in response to the hypothetical therefore was proper." *See Bayliss*, 427 F.3d at 1217.

Finally, Plaintiff challenges the vocational expert's reliance on the article, *Employer Validation of Jobs Performed with One Arm*. (Doc. 14 at 16–19). Relying on *Phillips v. Colvin*, 171 F. Supp. 3d 819, 825 (E.D. Wis. 2016), Plaintiff argues that the ALJ committed an error of law by failing to obtain a copy of the study.[1] (*Id.* at 18). *Phillips*, however, is inapposite. In *Phillips*, the plaintiff's counsel repeatedly *asked* for a copy of the article at issue. *See* 171 F. Supp. 3d at 823. The court there concluded that the ALJ committed an error of law by requiring the plaintiff's counsel to obtain the article when "it was not easily obtained, nor was it available at no cost." *Id.* at 826. Here, however, Plaintiff's counsel

---

[1] Aside from her argument based on *Phillips*, Plaintiff also notes that the vocational expert testified erroneously that the article was published in 2016, when it was actually published in 2008, and "[t]hus, the material upon which the [vocational expert] based his opinion was ten years old." (Doc. 14 at 17). Plaintiff, however, does not explain why the age of the article is material to her case or how this error of the vocational expert resulted in an error on the part of the ALJ. To the extent Plaintiff is arguing that this error undermines the vocational expert's credibility, the responsibility to make credibility determinations lies with the ALJ and not this Court. *See Andrews*, 53 F.3d at 1039.

never asked for a copy of the article. Instead, when the vocational expert referenced the article at the hearing, Plaintiff's counsel said, "I'm going to have to look that up" and asked the ALJ for additional time to review the article, which the ALJ agreed to provide. (AR 61, 68). Unlike in *Phillips*, Plaintiff's counsel did not specifically ask for a copy of the article, so the ALJ did not err by failing to provide it. Moreover, the court in *Phillips* recognized that it was bound by the Seventh Circuit's opinions in *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004), and *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002), both of which required that data and reasoning underlying a vocational expert's testimony be "available on demand." However, the Supreme Court has since rejected this categorical production requirement in *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153–54 (2019), which further undermines any persuasive value of *Phillips*.

In sum, the Court finds that the ALJ's decision at step five in this case is supported by substantial evidence and free from legal error.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the ALJ decision is **AFFIRMED**. The Clerk of Court shall enter judgment accordingly.

Dated this 5th day of May, 2021.

James A. Teilborg
Senior United States District Judge